1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9   Bruce W. Clarke,

10                              Petitioner,

11   v.

12   Charles L. Ryan, et al.,

13                              Respondents.

14

No. CV-14-01810-PHX-JJT (BSB)

**REPORT AND RECOMMENDATION**

15          Petitioner Bruce W. Clarke has filed a Petition for Writ of Habeas Corpus pursuant

16   to 28 U.S.C. § 2254 raising three grounds for relief.[1]  (Doc. 5.)  Respondents argue that

17   all of Petitioner's claims are procedurally barred from federal habeas corpus review and

18   that grounds two and three are not cognizable. (Doc. 14.)  Petitioner has filed a reply and

19   a supplemental reply in support of his Petition.  (Docs. 15, 16, 17.)  Petitioner requests an

20   evidentiary hearing.  (Doc. 5 at 6.)  However, the Court finds that an evidentiary hearing

21   is not required under 28 U.S.C. § 2254(d)(2) and (e)(2).  For the reasons below, the Court

22   recommends that the Petition be denied.

23   **I.      Procedural Background**

24          **A.      Charges, Trial, and Sentencing**

25          On February 7, 2007, Petitioner was indicted on three counts of sexual abuse, class

26   three felonies and dangerous crimes against children (Counts One, Three, and Seven),

27

28          [1]   The Court's docket identifies docket 5 as an Amended Petition.  However, in accordance with the October 16, 2014 Order, the Court refers to that filing as the Petition. (Doc. 8 at 1, n.1.)

and five counts of sexual conduct with a minor, class two felonies and dangerous crimes against children (Counts Two, Four, Five, Six, and Eight).  (Doc. 14, Ex. B.)  The State also alleged aggravating circumstances other than prior convictions.  (Doc. 14, Ex. D.)

Following a jury trial, Petitioner was convicted of all eight counts as charged.  (Doc. 14, Ex. E.)  On March 11, 2008, the trial court sentenced Petitioner to a mitigated term of two-and-a-half years' imprisonment on Count One, concurrent presumptive terms of five years' imprisonment on Counts Three and Seven, to run concurrent to Count One, and consecutive presumptive terms of twenty years' imprisonment on Counts Two, Four, Five, Six, and Eight, to run consecutive to Counts One, Three, and Seven.  (Doc. 14, Ex. F.)

**B.     Direct Appeal**

On March 11, 2008, Petitioner filed a notice of appeal in the Arizona Court of Appeals.  (Doc. 14, Ex. H.)  Petitioner, through counsel, later filed an opening brief raising the following two claims: (1) whether Petitioner was denied the right to a fair trial under the Arizona and United States Constitutions when the trial court denied his motion for a mistrial based on the prosecutor asking a witness whether Petitioner had mentioned anything about "killing himself," despite the trial court's ruling precluding testimony regarding suicide, and when a Phoenix police detective testified that Petitioner invoked his *Miranda* rights during questioning; and (2) whether the appellate court should reduce Petitioner's sentences under Ariz. R. Crim. P. § 13-4037(B) because they were excessive and "the punishment imposed [was] greater than under the circumstances of the case ought to be inflicted[.]"  (Doc. 14, Ex. I at 10.)

The State filed an answering brief, and Petitioner did not reply.  (Doc. 14, Exs. J, K.)  On February 18, 2010, the appellate court issued a memorandum decision affirming Petitioner's convictions and sentences.  (Doc. 14, Ex. L.)  The appellate court found that the trial court properly denied the motion for a mistrial, and that Petitioner waived any constitutional argument that his sentences were "excessive" by failing to raise that

argument in the trial court.  (*Id.*)  The court also found that no fundamental error occurred regarding the trial court's imposition of Petitioner's sentences.  (*Id.* at 13.)

Petitioner filed a motion for reconsideration arguing that the prosecutor's violation of the "in limine order" prejudiced him, the police detective's testimony that Petitioner had invoked his *Miranda* rights was improper and not addressed by a curative instruction, and the prosecution vouched for the credibility of a witness.  (Doc. 14, Ex. M.)  The Arizona Court of Appeals summarily denied the motion for reconsideration.  (Doc. 14, Ex. N.)  Petitioner filed a petition for review by the Arizona Supreme Court in which he again raised the arguments he raised in his motion for reconsideration.  (Doc. 14, Ex. O.)  On February 17, 2011, the Arizona Supreme Court denied review.  (Doc. 14, Exs. P, Q.)

**C.    Post-Conviction Proceedings**

On April 15, 2011, Petitioner filed a timely notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.  (Doc. 14, Ex. S.)  The trial court appointed Petitioner counsel.  (Doc. 14, Ex. T.)  On August 25, 2013, counsel filed a "notice of completion of post-conviction review" advising the court that he was unable to find any claims to raise in the petition.  (Doc. 14, Ex. U.)  Petitioner filed a pro se petition and subsequently requested to supplement his petition.  (Doc. 14, Ex. V.)  The trial court granted Petitioner's request and on February 1, 2012, he filed an affidavit in support of his petition and a revised petition.  (Doc. 14, Exs. W, AA.)

In his revised petition, Petitioner argued that the prosecutor engaged in prosecutorial misconduct by presenting a flawed indictment to the trial court.  (Doc. 14, Ex. W; Doc. 14-3 at 5.)  Petitioner argued that the complaint and the indictment were "carbon cop[ies] of each other" and that the prosecution's failure to include the specifics of the alleged criminal conduct on the face of the indictment violated his Sixth Amendment right to notice of the nature and cause of the accusations and provided no double jeopardy protection.  (Doc. 14-3 at 6-7.)

Petitioner also asserted several other claims of prosecutorial misconduct.  He argued that the prosecutors engaged in misconduct by failing to file the notice of

appearance required by Arizona Rule of Civil Procedure 5.1(a).  (Doc. 14-3 at 10-11.) He also argued that the prosecutors committed misconduct because they testified before the jury at trial and violated the rules of discovery by failing to make the proper disclosures regarding the State's expert witness.  (*Id.* at 11-12.)  Petitioner also asserted several claims of ineffective assistance of trial counsel based on counsel's failure to request a suppression hearing, failure to subpoena Petitioner's County Jail medical records, and failure to adequately cross-examine the victim.  (*Id.* at 13-14.)  Finally, Petitioner argued that appellate and post-conviction counsel were ineffective for failing to file notices of appearance required by Arizona Rule of Civil Procedure 5.1(a) and Arizona Rule of Criminal Procedure 6.3(a).  (*Id.* at 14-15.)

On August 6, 2012, the trial court denied post-conviction relief finding that Petitioner's claims of prosecutorial misconduct and his challenge to the sufficiency of the indictment were precluded under Rule 32.2(a)(3) because he failed to raise those claims at trial and on appeal.  (Doc. 14, Ex. AA at 2.)  The court found Plaintiff's claims of ineffective assistance of trial counsel failed because he did not establish both prongs of the *Strickland* standard.  (*Id.*)  The court concluded that Petitioner's claims of ineffective assistance of appellate and post-conviction counsel lacked merit because Arizona Rule of Civil Procedure 5.1(a) and Arizona Rule of Criminal Procedure 6.3(a) did not apply to criminal appeals.  (*Id.*)

On August 27, 2012, Petitioner filed a petition for review in the Arizona Court of Appeals.  (Doc. 14, Ex. BB.)  He raised the following claims: (1) the trial court abused its discretion by finding his claims precluded without reviewing the files and records of trial; (2) the trial court's ruling that Petitioner had waived certain claims established that trial, appellate, and post-conviction counsel were ineffective; (3) the trial court abused its discretion by finding that Arizona Rule of Civil Procedure 5.1(a) and Arizona Rule of Criminal Procedure 6.3(a) did not apply to criminal appeals; and (4) the trial court abused its discretion by ruling that Rule 32.2(a)(3) precluded Petitioner's claims asserting prosecutorial misconduct and challenging the sufficiency of the indictment.  (Doc. 14,

Ex. BB.)  After the State responded and Petitioner replied, the case was transferred to Division Two of the Arizona Court of Appeals.  (Doc. 14, Ex. CC and DD.)   On November 29, 2013, the appellate court granted review, but denied relief in a memorandum decision.  (Doc. 14, Ex. EE.)

On January 2, 2014, Petitioner sought review in the Arizona Supreme Court.  *See* www.appeals2.az.gov (last visited April 28, 2015.)   On January 22, 2014, he filed a "motion to stay or dismiss without prejudice."  (Doc. 5-1 at 30-33.)  Petitioner asked the Arizona Supreme Court to stay or dismiss the proceeding to permit him to return to the lower state courts to exhaust his claim that the indictment was defective and that the defective indictment deprived the trial court of jurisdiction over his criminal trial.  (*Id.*)  On January 23, 2014, the Arizona Supreme Court denied Petitioner's motion and extended the deadline for him to file a petition for review to February 5, 2014.[2]  (Doc. 5-1 at 35.)

On January 30, 2014, Petitioner filed a petition for review.  (Doc. 14, Ex. FF.)  Petitioner asserted that deficiencies in the indictment violated the Double Jeopardy Clause and deprived the trial court of subject matter jurisdiction.   (*Id.*)  He also argued that trial, appellate, and post-conviction counsel were ineffective for failing to challenge and correct the indictment.  (*Id.*)  On July 25, 2014, the Arizona Supreme Court denied review.  (Doc. 14, Ex. GG.)

**D.     Federal Petition for Writ of Habeas Corpus**

On September 22, 2014, Petitioner filed the pending habeas petition, raising three grounds for relief.  (Doc. 5.)  In Ground One, Petitioner alleges that the Arizona Supreme Court failed to properly adjudicate a jurisdictional dispute, in violation of his rights under

_____

[2] In his Reply, Petitioner argues that Respondents deliberately misled the Court by not including in their list of exhibits Petitioner's motion to dismiss and the Arizona Supreme Court's denial of that motion.  (Doc. 15 at 6.)  Petitioner submitted copies of his motion to dismiss and the related ruling with his Petition.  Thus, those documents were already before the Court and there is no indication that Respondents attempted to mislead the Court by not including them with their exhibits.  Additionally, Rule 5 of the Rules Governing Section 2254 cases did not require Respondents to provide those documents as exhibits.  *See* Rule 5(b) and (c).

the Due Process and Equal Protection Clauses.  (Doc. 5 at 6-10.)   In Ground Two, Petitioner alleges that his sentences are duplicative in violation of his due process and equal protection rights.  (Doc. 5 at 11-15.)  In Ground Three, Petitioner appears to allege that the combination of the errors alleged in Grounds One and Two resulted in a "miscarriage of justice" and constitutes "cause and prejudice."  (Doc. 5 at 16-19.)

Respondents argue that federal habeas corpus review of Grounds One, Two, and Three is procedurally barred.  (Doc. 14 at 2.)   Respondents alternatively argue that Grounds Two and Three are not cognizable on federal habeas corpus review.   (*Id.*) Petitioner disputes these assertions.  (Docs. 15, 16.)

## II.   Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[3]  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at 33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Id.* at 31-32.  Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper

---

[3]   In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*,

536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732.  Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim.  *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

As set forth below, the Court addresses whether Petitioner's claims were properly exhausted as part of its discussion of Petitioner's grounds for relief.

### III. Petitioner's Grounds for Relief

#### A. Grounds One (a) and (b)

In Ground One, Petitioner argues that the Arizona Supreme Court violated his Constitutional rights by failing to "adjudicate a known jurisdictional dispute, or allow the petitioner the opportunity to return to the lower court for adjudication of the jurisdictional

dispute derived from a challenge to the facial invalidity of the indictment." (Doc. 5 at 6.) Respondents argue that this claim is procedurally defaulted and barred from habeas corpus review because Petitioner presented the underlying claim — a challenge to the indictment — to the trial and appellate courts on post-conviction review and both courts found that claim precluded pursuant to Rule 32.2(a)(3). (Doc. 14 at 18.) The Court finds that, liberally construed, Ground One contains two claims: Ground One (a) asserting that the indictment was flawed and, therefore, the trial court lacked jurisdiction over the criminal trial; and Ground One (b) asserting that the Arizona Supreme Court violated the Due Process and Equal Protection Clauses by denying Petitioner's petition for review of the Arizona Court of Appeals' denial of post-conviction relief.[4]

### 1. Flawed Indictment and the Trial Court's Jurisdiction

Respondents argue that Petitioner's claim that the indictment was flawed and, therefore, the trial court lacked jurisdiction over Petitioner's criminal case, is procedurally barred from federal habeas corpus review. (Doc. 14 at 18.) As discussed below, the Court agrees.

Petitioner did not challenge the indictment or the trial court's jurisdiction on direct appeal. (Doc. 14, Ex. I.) In his petition for post-conviction relief, Petitioner asserted that the prosecutor engaged in misconduct by presenting a flawed indictment to the trial court. (Doc. 14-3 at 6-7.) He argued that the indictment was flawed because it was obtained by the prosecutor's presentation of false information to the grand jury and because it did not include a statement of facts for each count with which Petitioner was charged. (Doc. 14, Ex. W; Doc. 14-3 at 6-7.)

---

[4] Ground One also challenges the Arizona Supreme Court's denial of Petitioner's motion to dismiss his petition for review. (Doc. 5 at 8-9.) Petitioner claims that Arizona Supreme Court's denial of his motion to dismiss precluded Petitioner from "establish[ing] procedural correctness by returning to the Arizona trial court" to present his claim that the trial court lacked jurisdiction because the indictment was invalid. (*Id.*) This argument appears to be an attempt to establish cause for Petitioner's failure to properly present his challenge to the indictment to the state courts. The Court addresses this issue in Section III.C.2.

The trial court found Petitioner's claim of prosecutorial misconduct and his challenge to the indictment precluded from review under Rule 32.2(a)(3) because Petitioner had the opportunity to raise those claims at trial and on direct appeal, but failed to do so.  (Doc. 14, Ex. AA.)  Petitioner sought review of this decision in the Arizona Court of Appeals.  (Doc. 14, Ex. BB.)  He argued that the trial court abused its discretion by finding those claims precluded.  (*Id.* at 6.)  He also argued that the trial court failed to review the files and records before finding his claims precluded.  (*Id.*)

The appellate court rejected Petitioner's claims.  (Doc. 14, Ex. EE.)  First, it found that in its ruling denying post-conviction relief, the trial court stated that it had reviewed the revised petition for post-conviction relief, Petitioner's affidavit, the State's response, Petitioner's reply, and his motion for constitutional compliance.  (*Id.* at 2.)  Petitioner, however, did not identify what additional portions of the record the trial court should have reviewed.  (*Id.*)  The appellate court next found that the trial court correctly concluded that Petitioner's claim regarding the indictment was precluded under Rule 32.2(a)(3).  (*Id.* at 3.)  The appellate court noted that Petitioner could have raised his challenge to the indictment in a pretrial motion.  (*Id.*)  The court further noted that Rule 16.1(c) provides that a challenge to an indictment must be raised in a pretrial motion.  (Doc. 14, Ex. EE at 3 n.1.)  Because Petitioner did not challenge the indictment at trial, post-conviction review of that claim was precluded.  (*Id.*)  The appellate court also addressed Petitioner's assertion that the flawed indictment deprived the trial court of subject matter jurisdiction.  (*Id.*)  The appellate court stated that subject matter jurisdiction was established when the indictment was filed and, because Petitioner did not challenge the indictment at trial, his claims related to the indictment were precluded.  (*Id.*)

As set forth above in Section II, a claim may be procedurally barred from federal habeas corpus review when a petitioner raised it in state court, but the state court found the claim barred on adequate and independent state procedural grounds.  *See Harri*s, 489 U.S. at 260.  Federal habeas corpus review of Petitioner's challenge to the indictment and

his related claim that the flawed indictment deprived the trial court of subject matter jurisdiction are procedurally barred because Petitioner attempted to present these claims during post-conviction proceedings, and the state court found review barred pursuant to Ariz. R. Crim. P. 32.2(a)(3), an adequate and independent state procedural ground. (Doc. 14, Exs. BB, EE.)

The state courts' procedural ruling based on Rule 32.2(a)(3) did not depend on federal law or an examination of the merits of Petitioner's claims, and thus, the ruling was "independent" of federal law. *See Nitschke v. Belleque*, 680 F.3d 1105, 1110 (9th Cir. 2012) (discussing requirement that state procedural rule must rest on an "independent" state law ground); *see also Stewart v. Smith*, 536 U.S. 856, 860 (2002) (finding Rule 32.2(a) determinations independent of federal law). Additionally, Rule 32.2(a)(3) is "adequate" because it is well established and regularly and consistently applied. *See Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003) ("To be deemed adequate the state law ground for decision must be well-established and consistently applied). Arizona courts routinely find claims precluded under Rule 32.2(a)(3) based on a petitioner's failure to raise his claims during prior proceedings. *See Simmons v. Schriro*, 187 Fed. App'x. 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules are "clear" and "well-established"); *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a) regularly followed and adequate); *Stewart v. Smith*, 46 P.3d 1067, 1070 (Ariz. 2002) (explaining that for most trial error, the "State may simply show that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding" for preclusion under Rule 32.2(a)(3)) (internal quotation omitted).

Because the state court applied an independent and adequate state law ground to deny review of Petitioner's claim that the indictment was flawed and his related claim that the flawed indictment deprived the trial court of jurisdiction, federal habeas corpus review of those related claims, as asserted in Ground One (a) is procedurally barred.

1

## 2.      The Arizona Supreme Court's Denial of Review

In Ground One (b), Petitioner argues that the Arizona Supreme Court's denial of his petition for review of the appellate court's denial of post-conviction relief violated the Due Process and Equal Protection Clauses.  (Doc. 5 at 6.)  There is no evidence that Petitioner presented these claims to the state courts and the parties have not addressed whether Arizona law would permit Petitioner to return to state court to present them in a successive petition for post-conviction relief.[5]   However, the Court can deny "an application for writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  Accordingly, the Court considers the merits of these claims.

## a.      Equal Protection Claim

Petitioner's equal protection claim fails because it is conclusory and unsupported. Petitioner refers to the Equal Protection Clause but does not provide any legal argument to support that claim.  *See Greenway v. Schriro,* 653 F.3d 790, 804 (9th Cir. 2011) ("[Petitioner's] cursory and vague claim cannot support habeas relief"); *Jones v. Gomez,* 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.)  Additionally, Petitioner has failed to prove a discriminatory intent against him or that any laws were applied unequally to him.  *See McClesky v. Kemp*, 481 U.S. 279, 292-93 (1987) (reaffirming the basic premise that an equal protection claim requires the defendant to prove "the existence of purposeful discrimination").  Accordingly, Petitioner is not entitled to relief on his equal protection claim asserted in Ground One (b).

---

[5]   On post-conviction review, Petitioner presented a related argument — that the trial court's jurisdiction could be challenged at any time and, thus, the trial court erred in finding his challenge to the indictment and the court's jurisdiction waived.  (Doc. 14, Ex. EE.)  As previously stated, the appellate court rejected this claim because, under Arizona law, subject matter jurisdiction was established when the indictment was filed and Petitioner did not challenge the indictment at trial.  (*Id.* at 3.)  To the extent that Petitioner challenges this ruling, his claim is not cognizable on federal habeas corpus review because it is a matter of state law.  *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (stating that a writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the basis of some transgression of federal law binding on the state courts.")).

### b.      Due Process Claim

Petitioner also asserts a due process claim. The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of life, liberty or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To invoke the procedural protections of the Due Process Clause, a petitioner must establish that one of these interests is at stake. *Id.* However, the federal courts are not arbiters of state law. *See Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question"). When the case is governed by the AEDPA, such as this one, the liberty interest must be one recognized by the United States Supreme Court. *See Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007) (rejecting petitioner's liberty interest claim under § 2254(d)(1) because "the United States Supreme Court has never recognized California's *Sumstine* doctrine as creating a liberty interest that is protected by the Fourteenth Amendment"). As discussed below, Petitioner's due process claim lacks merit.

Petitioner argues that his due process rights were violated when, on post-conviction review, the Arizona Supreme Court denied his petition for review and did not reach the merits of his claims.[6] (Doc. 5 at 6.) He asserts that the Arizona Supreme Court was required to consider the merits of his claims because they challenged the trial court's jurisdiction over his criminal trial based on an allegedly flawed indictment, and that its failure to do so violated the Due Process Clause. To support his claim, Petitioner cites *Lambright v. Stewart*, 167 F.3d 477 (9th Cir. 1999) (*Lambright I*),[7] *State v. Willoughby*, 892 P.2d 1319 (Ariz. 1999), *United States v. Cotton*, 535 U.S. 625 (2002), and *State v.*

---

[6] Petitioner also argues that the Arizona Supreme Court's denial of review was an "unreasonable determination of the facts" under 28 U.S.C. § 2254(d). (Doc. 5 at 9 (citing *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).) Section 2254(d), however, does not apply because the state court did not adjudicate Petitioner's due process claim on the merits.

[7] The Ninth Circuit withdrew it is decision in *Lambright* and ordered a rehearing en banc. *See* 177 F.3d 901 (9th Cir. 1999) (withdrawing *Lambright v. Stewart*, 167 F.3d 477 (9th Cir. 1999) and ordering rehearing en banc).

*Rockerfeller*, 571 P.2d 297, 299 (Ariz. Ct. App. 1999) (citing *Twining v. New Jersey*, 211 U.S. 78 (1908)).  (Doc. 5 at 7-8.)  These cases do not support Petitioner's due process claim.

Petitioner's reliance on *State v. Willoughby*, 892 P.2d 1319 (Ariz. 1995), to support his due process claim is misplaced.  (Doc. 5 at 7.)  The court's decision in *Willoughby* was based on state law.  *Id.* at 1325 (stating that "[i]n the absence of controlling federal authority, states are free to determine their own rules for resolving jurisdictional facts in criminal cases.").  The issue in *Willoughby* was whether the Arizona court had jurisdiction over the criminal case because the fatal injury and the victim's death occurred in Mexico.  *Id.* at 1324, 1325 (citing Ariz. Rev. Stat. § 13-108(A)(1) (stating that Arizona has jurisdiction to try a defendant if conduct constituting one or more elements of the charged offense occurred in Arizona)).  Because the defendant was sentenced to death, there was an "automatic" appeal of the judgment and sentence directly to the Arizona Supreme Court.  *Id.* at 1322.  In *Willoughby,* the court considered the jurisdictional issue, noting that the defendant moved to dismiss the murder charge at trial on the ground that Arizona lacked subject matter jurisdiction.  *Id.* at 1324. The court, however, did not consider whether Arizona law requires the Arizona Supreme Court to grant a petition for review that raises a jurisdictional issue.

Petitioner also cites *United States v. Cotton*, 535 U.S. 625 (2002), for the proposition that the Arizona Supreme Court was required to adjudicate the alleged defects in the indictment, which Petitioner claims deprived the trial court of "subject matter jurisdiction."  (Doc. 5 at 8.)  In *Cotton*, the Supreme Court considered federal court jurisdiction and stated that a federal court's subject matter jurisdiction "can never be forfeited or waived."  *Id.* at 630.  However, the Court clarified that "defects in an indictment do not deprive a court of its power to adjudicate a case."  *Id.*  Thus, *Cotton* does not support Petitioner's argument that the Due Process Clause required the Arizona Supreme Court to consider the merits of his claim that the state trial court lacked jurisdiction because of the allegedly flawed indictment.

Petitioner also cites *State v. Rockerfeller*, 571 P.2d 297, 299 (Ariz. Ct. App. 1999) (citing *Twining v. New Jersey*, 211 U.S. 78 (1908)), to support his argument that "the trial of an accused without a valid indictment or information violates fundamental notions of due process."  (Doc. 5 at 8.)  In *Rockerfeller*, the Arizona Court of Appeals considered the effect of three invalid prior felony convictions on the petitioner's sentence.  The prior felony convictions were invalidated because the trial court lacked jurisdiction over these offenses.  *Id.* at 298.  However, the invalidation of the prior felony convictions was not brought to the trial court's attention prior to sentencing.  *Id.*  In *Rockerfeller,* the court noted that if the trial court lacked jurisdiction over the offenses with which the petitioner was charged, a conviction obtained in that forum would violate fundamental notions of due process.  The court found the petitioner's petition for post-conviction colorable and remanded to the trial judge to state whether the invalidity of the petitioner's three prior felony convictions had an effect on the sentence imposed.  *Id.* at 299.

Although the court in *Rockerfeller* noted that a conviction obtained in a court that lacked jurisdiction would violate fundamental notions of due process, it did not consider whether the Due Process Clause required the Arizona Supreme Court to grant review to consider a claim that the trial court lacked jurisdiction when the appellate court determined that review of the claim was precluded under Rule 32.  In *Rockerfeller,* the court noted that the government's failure to plead and prove any ground of preclusion under Rule 32 required the court of appeals to reach the merits of a petition for review of a denial of a second petition for post-conviction relief.  *Rockerfeller*, 571 P.2d at 298-99.  In contrast, the State in this case argued and established that Petitioner's challenge to the indictment and the trial court's jurisdiction was precluded under Rule 32.  (Doc. 14, Ex. EE.)

Finally, Petitioner cites *Lambright I* to support his assertion that he had a liberty interest in the Arizona Supreme Court's review of the merits of his claims on post-conviction review.  In *Lambright I*, the Ninth Circuit granted habeas corpus relief to two defendants in a capital case on the ground that they were deprived of their constitutional

rights when the trial court used dual juries (one for each petitioner), a procedure that was not supported by state law. *Lambright I*, 167 F.3d at 484. The Ninth Circuit later vacated that decision and ordered a rehearing en banc. *See Lambright v. Stewart,* 177 F.3d 901 (9th Cir. 1999). On rehearing en banc, the Ninth Circuit considered whether the state trial court's violation of a state procedural rule supported a conclusion that the petitioner's due process rights were violated because the use of a dual jury was so unreliable it violated the United States Constitution. *Lambright II*, 191 F.3d at 1183. The court concluded that the use of dual juries in a capital case did not violate any due process rights of the petitioners in that case. *Id.* at 1186. The court also found that the defendants had not shown a procedural due process violation "based on a some kind of liberty interest created by Arizona law . . . ." *Id.* at 1186, n6. The court explained that the defendants had not shown that the more traditional procedure for determining guilt, the use of one jury, conferred a substantive right or guarantee that a single jury would decide each defendant's case. *Id.* The court concluded that "absent the creation of some substantive predicate governing decision making, a predicate which did not even arguably arise here, there could be no protected liberty interest." *Id.*

Neither *Lambright I* or *II* supports Petitioner's argument that he had a liberty interest in the Arizona Supreme Court granting his petition for review from the appellate court's denial of post-conviction relief. (Doc. 5 at 7; Doc. 15 at 10.) The record reflects that the Arizona Supreme Court acted according to Arizona statutes and rules, which provide that review by the Arizona Supreme Court is discretionary, except in capital cases. *See* Ariz. Rev. Stat. § 12-120.21(A)(1) and § 13-4031 (providing that the criminal actions involving crimes for which a sentence of death has been imposed may only be appealed to the Supreme Court); Ariz. R. Crim. P. 31.19(f) (stating that "[i]f the Supreme Court grants review, its order shall specify the issue or issues to be reviewed.")[8]; *see also Cofsky v. Schriro*, 2009 WL 733869 (D. Ariz. Mar. 19, 2009) (discussing review by the

---

[8] The rules governing the filing of petitions for review in criminal appeals contained in Rule 31.19 apply to petitions for review of an appellate court decision entered pursuant to Rule 32. *See* Ariz. R. Crim. P. 32.9(g).

Arizona Supreme Court).  Petitioner has not cited any authority indicating that he had any sort of liberty interest in review by the Arizona Supreme Court created by Arizona law. Accordingly, Petitioner has not shown that the Arizona Supreme Court violated the Due Process Clause by denying his petition for review and by failing to consider the merits of his claims.

Therefore, the cases upon which Petitioner relies do not support his Due Process claim.  Additionally, the Court has not found any cases supporting the proposition that, in a non-capital case, the Due Process Clause requires the Arizona Supreme Court to grant review following the denial of post-conviction relief by the Arizona Court of Appeals. Thus, Petitioner's claim in Ground One (b) lacks merit.

**B.     Ground Two**

In Ground Two, Petitioner argues that the trial court violated the Due Process and Equal Protection Clauses by imposing duplicative, consecutive sentences.[9]  (Doc. 5 at 11.)  Respondents argue that this claim is not cognizable on federal habeas corpus review because this challenge to Petitioner's sentence is a matter of state law.  (Doc. 14 at 9-10.) Petitioner, however, does not base his claim on state law.  Rather, he argues that the Due Process and Equal Protection Clauses were violated because his sentences were based on the same conduct.  (Doc. 5 at 11-12.)  Accordingly, the Court rejects Respondents' argument that Ground Two is not cognizable on habeas corpus relief.  Although Ground Two presents a federal claim, as Respondents alternatively argue, federal habeas corpus review of this claim is precluded.  (Doc. 14 at 19.)

Petitioner did not present the claim asserted in Ground Two to the state courts on direct appeal or on post-conviction review.  (Doc. 14, Exs. I, M, O, W, BB and FF.)  On direct appeal, Petitioner argued that his sentences were excessive and should be reduced

---

[9]  In Ground Two, Petitioner reiterates his claim that the Arizona Supreme Court violated his due process rights by denying his petition for review and failing to consider the merits of his claims.  (Doc. 5 at 12-14.)  Petitioner raised this claim in Ground One and the Court addressed it in its discussion of Ground One.   (Section III.A.2.b.) Accordingly, the Court does not reiterate its discussion of this claim and again concludes that the Arizona Supreme Court did not violate the Due Process Clause by denying Petitioner's petition for review of the appellate court's denial of post-conviction relief.

under Arizona Revised Statute § 13-4037(B), and because they were cruel and unusual in violation of the Eighth Amendment.  (Doc. 14, Ex. I at 15-16.)  However, Petitioner did not argue that his sentences were illegal or duplicative in violation of his due process, equal protection, and Fifth Amendment rights.  (Doc. 14, Ex. I at 15-16.)

To fairly present a claim for purposes of exhaustion, the petitioner must describe the operative facts and federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claims.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *see also Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005) ("In addition to requiring specificity in pleading the federal nature of a claim, we also require a petitioner to articulate the substance of an alleged violation with some particularity.").  A petitioner's assertion of a constitutional violation based on one set of facts presented to the state courts, does not exhaust other claims of the same constitutional violation based on different facts that were not presented to the state courts.  *See Date v. Schriro*, 619 F. Supp. 2d 736, 788 (D. Ariz. 2008); *see also Moormann v. Schriro*, 426 F.3d 1044, 1056–57 (9th Cir. 2005).

Petitioner's claims presented in Ground Two that his sentences are illegal and duplicative are different than the claims he presented to the state court.  Because Petitioner raised a different challenge to his sentences based on a different legal theory to the state court, he did not fairly present Ground Two to the state courts.

It would be futile for Petitioner to return to the state courts to try to exhaust his claims asserted in Ground Two because a successive petition for post-conviction relief would be untimely, and these claims would be precluded from Rule 32 review because they could have been raised at trial, on direct appeal, or in Petitioner's prior post-conviction proceeding.  *See* Ariz. R. Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146 P.3d 63, 67 (2006) ("As a general rule, when [claims] are raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent claims [] will be deemed waived and precluded.") (internal quotation omitted).  Accordingly, federal habeas corpus review of Petitioner's claims asserted in Ground Two is procedurally

barred.  *See McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)); *see also Boerckel*, 526 U.S. at 848.  As discussed in Section III.C.1 and III.C.2 below, Petitioner has not established a basis to overcome the procedural bar.

### C.     Ground Three

In Ground Three, Petitioner asserts a miscarriage of justice and alleges that the "cause and prejudice standard applies when constitutional violations are the cause of the petitioner's conviction."   (Doc. 5 at 16.)   Respondents argue that Ground Three is procedurally defaulted because Petitioner did not present these claims to the state courts.[10]  (Doc. 14 at 20.)  To the extent that Petitioner raises an independent claim of a miscarriage of justice, this claim is procedurally barred because Petitioner did not present this claim to the state courts on direct appeal or post-conviction review and it would be futile for him to return to state court to attempt to exhaust that claim.  *See* Sections II and III.B.

Additionally, the Supreme Court has not resolved whether a prisoner may be entitled to habeas corpus relief based on a free-standing claim of actual innocence.  *See McQuiggin v. Perkins*, ___U.S.__, 133 S. Ct. 1924, 1931 (2013).   However, it has recognized that a prisoner may use the "fundamental miscarriage of justice exception" to overcome various procedural defaults.  *Id.* at 1931.  In the petition and reply, it appears that Petitioner asserts a "fundamental miscarriage of justice" and the "cause and prejudice" standard to overcome the procedural bar to the review of his defaulted claims, specifically his claim that the flawed indictment deprived the trial court of jurisdiction and that his duplicative, consecutive sentences violate the Due Process and Equal Protection Clauses (Ground One (a) and Ground Two).  (Doc. 5 at 17-19, Doc. 15.)

---

[10]  Respondents also argue that Ground Three is not cognizable because it is based on state law.  (Doc. 14 at 11-12.)   However, it appears that Ground Three attempts to assert a "claim" under federal law regarding a fundamental miscarriage of justice and the cause and prejudice standard.   (Doc. 5 at 16-19.)   Accordingly, the Court rejects Respondents assertion that Ground Three is not cognizable as a matter of state law.

### 1.      Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup,* 513 U.S. at 324.  The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.  Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice.  Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar to review of his defaulted claims.

### 2.      Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice."  *Coleman*, 501 U.S. at 750.  To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Teague*, 489 U.S. at 298.  A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause.  *Murray*, 477 U.S. at 488.

"Prejudice" is actual harm resulting from the constitutional violation or error.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with

error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Petitioner argues that the Arizona Supreme Court's denial of his motion to dismiss his petition for review is cause for his failure to properly exhaust his claims raised in Ground One (a) and Ground Two.  He asserts that the Arizona Supreme Court's ruling prevented him from filing a supplemental Rule 32 petition to properly exhaust these claims.  (Doc. 5 at 17-19; Doc. 15 at 6.)  He also argues that the Arizona Supreme Court's failure to "subject the claim raised in ground two to plain error review" resulted in the procedural default of his claims raised in Ground Two.  (Doc. 5 at 18.)

Because this is a non-capital case, to properly exhaust his claims, Petitioner was not required to present them to the Arizona Supreme Court.  *See Serpa v. Ryan*, 2014 WL 217821, at *6 (D. Ariz. Jan. 21, 2014) (citing *Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007) (stating that because review by the Arizona Supreme Court is discretionary, it is "unavailable" for purposes of the exhaustion requirement)).  Rather, he was required to present his claims to the Arizona Court of Appeals either on direct appeal or on post-conviction review.  *See Crowell*, 483 F. Supp. 2d at 931-33.  Petitioner does not explain why he failed to properly present his federal claims to the Arizona Court of Appeals on direct appeal or on post-conviction review.  As discussed in Sections III.A.1 and III.B, Petitioner's procedural default of his claims raised in Ground One (a) and Ground Two occurred before he filed his petition for review in the Arizona Supreme Court during post-conviction proceedings.  Because the procedural default occurred before Petitioner filed his petition for review in the Arizona Supreme Court, that court did not prevent Petitioner from properly exhausting his claims by denying Petitioner's motion to dismiss his petition for review and by denying his petition for review.

1    Petitioner does not assert any other basis to establish cause for his procedural

2  default of his claims in Ground One (a), Ground Two, or his independent claim of

3  miscarriage of justice raised in Ground Three.  Petitioner's status as an inmate, lack of

4  legal knowledge and assistance, and limited legal resources do not establish cause to

5  excuse the procedural bar to review of his claims.  *See Hughes v. Idaho State Bd. of*

6  *Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal

7  assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*,

8  862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not

9  constitute cause).  Accordingly, Petitioner has not shown cause for his procedural default

10  and the Court does not consider whether Petitioner has shown prejudice.  *See Smith v.*

11  *Murray*, 477 U.S. 527, 533 (1986).

12  **IV.    Stay and Abeyance Procedure**

13    Liberally construed, in his reply and the supplement to his reply, Petitioner argues

14  that the Court should hold this proceeding in abeyance to permit him leave to return to

15  state court to exhaust his claims.[11]  (Docs. 15, 16.)   Habeas corpus relief is unavailable

16  "unless the applicant has exhausted the remedies available in the courts of the State."  *See*

17  28 U.S.C. § 2254(b)(1)(A).  The Supreme Court has held that "a district court must

18  dismiss habeas petitions containing both unexhausted and exhausted claims."  *Rose v.*

19  *Lundy*, 455 U.S. 509, 522 (1982).  After *Rose* was decided, the AEDPA imposed a one-

20  year statute of limitations for filing federal habeas corpus petitions.  *See* 28 U.S.C.

21  § 2254(d)(1).  The Supreme Court then recognized that if a petitioner filed a mixed

22  petition (a petition containing both exhausted and unexhausted claims) in federal court,

23  the combined effect of *Rose* and the AEDPA could result in the loss of all claims,

24  including those already exhausted, because the limitations period could expire while a

25  petitioner returned to state court to present his unexhausted claims.  *Pliler v. Ford*, 542

26  

27    [11]  Petitioner asks the Court to dismiss his § 2254 proceeding and to remand it to
the Arizona Supreme Court for further determination and proper exhaustion.  (Doc. 16 at

28  4-6.)   However, because Petitioner cites *Rhines v. Webber*, 544 U.S. 269 (2005), it
appears that Plaintiff requests that the Court stay the matter and hold it in abeyance to
permit him to exhaust his claims in state court.

U.S. 225, 230-31 (2004).  Thus, in *Rhines v. Weber*, the Supreme Court held that the district court has limited discretion to hold in abeyance a habeas petition containing both exhausted and unexhausted claims to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed.  544 U.S. 269, 276-77 (2005).

The stay-and-abeyance procedure is only appropriate when the district court determines that (1) there was good cause for the petitioner's failure to exhaust his claims in state court, (2) the unexhausted claims are not "plainly meritless"; and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78.  In *Rhines*, the Court cautioned that the stay-and-abeyance procedure "should be available only in limited circumstances," and should be applied consistently with the AEDPA's twin purposes of "reduc[ing] delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instance." *Id.* at 277.

The Petition is arguably mixed.  Petitioner's claims asserted in Ground One (a), Ground Two, and Ground Three are technically exhausted because he either presented those claims to the Arizona Court of Appeals, or no state remedies are available to consider those claims. *See* Sections III.A.1, III.B, and III.C; *see also Cassett v. Stewart*, 406 F.3d 614, 621, n.5 (9th Cir.2001) (citation omitted) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (stating that a petitioner has satisfied the exhaustion requirement if: (1) he has fairly presented his federal claim to the highest state court with jurisdiction to consider it; or (2) no state remedies remain available.) However, it appears that Ground One (b) may be unexhausted, and the parties have not addressed whether Petitioner could return to state court to exhaust that claim.  However, Ground One (b) is plainly meritless as discussed in Section III.A.2.  Accordingly, the stay-and-abeyance procedure is not appropriate in this case. *See Rhines*, 544 U.S. at 277-78; *Felder v. Hickman*, 2007 WL 2265146, at *5 (S.D. Cal. Aug. 6, 2007) (when a claim

is procedurally barred and no state remedies remain, it is exhausted and the stay and abeyance procedure does not apply); *Greer v. Ariz. Attorney General*, 2006 WL 2553403, at *7 n.8 (D. Ariz. Sept. 1, 2006) (when claim is procedurally barred under state law it would be futile for a petitioner to return to state court to attempt to exhaust her claims and the stay and abeyance procedure does not apply).

## V.    Conclusion

As set forth above, Ground One (a), Ground Two, and the independent claim of a miscarriage of justice asserted in Ground Three are procedurally barred and Petitioner has not established a basis to overcome that bar.  Additionally, Petitioner's claim in Ground One (b) lacks merit.  Accordingly, the Court recommends that the Petition be denied.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to

any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 28th day of April, 2015.

Bridget S. Bade
United States Magistrate Judge