NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce W Clarke, | No. CV-14-01810-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

     **THIS MATTER** is before the Court upon Magistrate Judge Bridget S. Bade's Report and Recommendation (Doc. 18), to which Petitioner timely filed Objections (Doc. 22). The Court has considered the Petition for Writ of Habeas Corpus (Doc. 5), the Response thereto (Doc. 14), Petitioner's Reply in support (Doc. 15), the R&R and the Objections. For the reasons stated in the R&R, the Court will deny the Petition. The Court concludes that Magistrate Judge Bade correctly identified the relevant law with respect to each of Petitioner's purported challenges, exhaustively analyzing each of those challenges in light of that law. The Court therefore adopts in whole the reasoning of the R&R as its justification for denying the Petition. Petitioner raises three objections to the R&R, all of which the Court finds unavailing, as set forth below.

     Petitioner's Claim One (a), as Judge Bade denominates it, asserts the indictment was flawed and therefore that the trial court lacked jurisdiction over the criminal trial. Judge Bade is correct in concluding the claim is procedurally barred from federal habeas corpus review. Petitioner failed to challenge the indictment or the trial court's jurisdiction

either at trial or on direct appeal. Thus both the trial court in evaluating the petition for post-conviction relief and the Arizona Court of Appeals in reviewing the trial court's denial of that relief correctly applied Arizona Rule of Criminal Procedure 32.2(a)(3)'s procedural bar. That procedural bar constitutes an adequate and independent state procedural ground to deny review of Petitioner's first claim. Federal habeas review is procedurally barred and properly denied.

Petitioner does not appear to directly argue against the above. Rather, he objects that when the Arizona Supreme Court denied his petition to review the Arizona Court of Appeals' denial of post-conviction relief, it violated the Due Process and Equal Protection Clauses of the Constitution. Judge Bade identified this challenge as Claim One (b) and noted that Petitioner did not present this claim to the state courts, which renders it unexhausted. Judge Bade correctly noted that, rather than dismissing the petition for containing a mix of exhausted and unexhausted claims, the Court can evaluate the unexhausted claim on the merits and deny it if it has no merit, pursuant to 28 U.S.C. Section 2254(b)(2). Upon evaluation of Claim One (b) on the merits, it fails. The Equal Protection claim Petitioner advances fails as conclusory and unsupported, as Judge Bade set forth. Similarly, Petitioner's Due Process claim is unsupported in law. Petitioner asserts that the Arizona Supreme Court was required to consider the merits of his claims because they challenged the trial court's jurisdiction over his criminal trial based on an allegedly flawed indictment. Contrary to Petitioner's claims, the Arizona Supreme Court was not so required. As set forth in great detail in the R&R, Arizona law provides that review by the Arizona Supreme Court is discretionary except in capital cases, which this is not. None of the cases Petitioner cites changes that legal conclusion; nor do those cases establish the proposition that Petitioner had a liberty interest in the Arizona Supreme Court granting his petition for review of denial of post-conviction relief.

In his objection, Petitioner cites an out-of-circuit opinion for the general proposition that "when dismissal of a pro se complaint is warranted, it should generally be without prejudice to afford plaintiff opportunity to file an amended complaint." *Good*

*v. Allain*, 823 F.2d 64,67 (5th Cir. 1987). This Court has no quarrel with the above general proposition. But it recognizes that the proposition is qualified such that when amendment would be futile because as a matter of law, the defect cannot be cured by amendment, there is no purpose in, and therefore no requirement for, allowing amendment. *Intri–Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir.2007)(dismissal without leave to amend is proper if it is clear that "the complaint could not be saved by any amendment.")  Such is the case here. Petitioner repeatedly argues past the indisputable legal conclusion that, as stated above, Rule 32.2 presents an adequate and independent procedural bar to the claim he now wishes to make. That procedural bar makes any amendment regarding this claim futile.

Petitioner's next claim for relief, denominated Claim Two in the R&R, is that the trial court, in imposing duplicative and consecutive sentences, violated the Due Process and Equal Protection Clauses of the Constitution of the United States. This claim was not presented to the Arizona State courts either on direct appeal or on post-conviction review, and as such is unexhausted but procedurally barred. Rule 32 again provides that where a claim could have been raised at trial, on direct appeal, or in a prior post-conviction proceeding, but was not, it is untimely, and thus precluded from review.

In his Objections, Petitioner again urges it was error for the Arizona Supreme Court to deny him the opportunity to return to the lower courts on this issue to exhaust this claim. The Court's response to this objection is the same as to the last: Petitioner has no right to Supreme Court review in a noncapital matter. Magistrate Judge Bade correctly concluded the claim is procedurally barred, and Petitioner has offered no basis to overcome the procedural bar, having failed to make a showing that there was any fundamental miscarriage of justice, cause, or prejudice.

Finally, in Claim Three, Petitioner raises what appears to be an independent claim of a miscarriage of justice. Judge Bade correctly concluded that any such claim is procedurally barred in this instance, because Petitioner did not present it to the state courts on direct appeal or for post-conviction review. Moreover, to establish the existence

1  of a fundamental miscarriage of justice, a petitioner must present new, reliable evidence
2  that was not presented at trial, such as exculpatory scientific evidence, trustworthy
3  eyewitness accounts, or critical physical evidence. The petitioner must then demonstrate
4  that "it is more likely than not that no reasonable juror would have convicted him in light
5  of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner has produced
6  none of the above. Nor has he demonstrated "cause" – a showing that some objective
7  factor external to the defense impeded his efforts to comply with the state's procedural
8  rules – or "prejudice" – actual harm resulting from the constitutional violation or error.
9  Once again, Petitioner attempts to rely on the Arizona Supreme Court's denial of his
10 motion to dismiss his petition to demonstrate cause and prejudice, claiming that this
11 denial kept him from exhausting his claims. Petitioner's argument fails. Again, this is a
12 noncapital case, so to properly exhaust his claims, petitioner was not required to present
13 them to the Arizona Supreme Court.

**IT IS ORDERED** accepting, adopting and incorporating by reference Magistrate Judge Bade's Report and Recommendation in this matter and the analysis contained therein (Doc. 18).

**IT IS FURTHER ORDERED** denying the Petition for a writ of habeas corpus (Doc. 5) for the reasons set forth above and in more detail in the incorporated Report and Recommendation.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 30th day of June, 2015.

Honorable John J. Tuchi
United States District Judge